# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARMEN HOLIDAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 4514 |
| | ) |
| CITY OF CHICAGO, a municipal corporation; | ) Judge Coar |
| CORTEZ TROTTER, Commissioner; | ) |
| MARK EDINBURG, Commander; | ) Magistrate Judge Cole |
| JOHN HARDING, Field Officer; | ) |
| OTHER INDIVIDUALS; | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff has moved for leave to file an amended complaint to add a count for retaliation. The briefing was completed on September 26, 2006. On September 29, 2006, Judge Coar issued a Memorandum Opinion and Order denying the defendant's motion for summary judgment, which was based in part "on the grounds that plaintiff did not allege a retaliation claim in her complaint and therefore this claim should be waived and dismissed." (*Id.* at 22). Judge Coar concluded that the EEOC claim, which was attached to the plaintiff's complaint, clearly contained language that communicates a retaliation claim. "As such," Judge Coar held, "plaintiff's retaliation claim is not waived on the basis of failure to allege, and defendant is not entitled to summary judgment for failure *to allege* the retaliation claim." *Id.* (Emphasis supplied).

It is not entirely clear whether Judge Coar had in mind only a question of jurisdiction (i.e. whether the amended complaint sought to add a claim not in the EEOC charge), *Cheek v. Peabody*

1

*Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996), or whether, in addition, he had concluded that the retaliation claim was, by virtue of the EEOC exhibit, already part of the fabric of the case. Based upon the content of the briefing on the summary judgment motion – as explained to me by the parties during the lengthy oral argument on the motion to amend – and the text of Judge Coar's opinion, it appears that the September 29th Memorandum Opinion and Order concluded that there *was* a retaliation claim already "allege[d]" in the complaint, although not formally denominated as such. In that event, the plaintiff's motion is moot.[1] Conversely, if Judge Coar's Memorandum Opinion and Order was not intended to resolve the "notice" issue before me (i.e. whether the defendants had notice of that claim even though not separately plead), *Connor v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 679 (7th Cir. 2005), I have authority to determine as a matter of discretion whether the amendment should be allowed.

It is undisputed that the plaintiff did not formally include a claim for retaliation and that it was not until a matter of weeks before discovery closed – and weeks after the time for an amendment under Judge Coar's scheduling order had passed – that plaintiff's counsel announced at the plaintiff's deposition (in response to a question from the defendant's counsel) that the plaintiff was making a claim for retaliation. By this time it was too late to initiate *further* discovery, since Judge Coar's standing orders and the Local Rules require that discovery be initiated in time that it can be completed before the close of discovery. *In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527, 531 (N.D. Ill. 2005).

The defendants did not claim surprise or ask that the deposition be continued so that they

---

[1] If the retaliation claim was already in the case, there would be no need for an amended complaint. There certainly would be no harm, however, to an amendment that set the claim forth separately.

2

could have time to prepare to examine the plaintiff on the retaliation issue. Rather, the defendant's counsel immediately proceeded to conduct at least three hours of questioning directed to the claim of retaliation. Nor did defense counsel, following the plaintiff's deposition, ever make any application to Judge Coar for additional time either to depose the plaintiff or to take additional discovery of anyone else necessitated by her testimony on the retaliation issue. Thus, it may be fairly be concluded that counsel was adequately prepared to examine the plaintiff on the retaliation claim-as testified to-- and that she concluded she had adequate opportunity to do so. *See In re Sulfuric Acid Antitrust Litigation*, 235 F.R.D. 646, 651 (N.D.Ill. 2006).

But for the discovery taken by the defendants on the retaliation claim, denial of the plaintiff's current motion would result from *Connor v. Illinois Dept. of Natural Resources* and from the federal court's general aversion to unexplained and inexcusable noncompliance with discovery schedules. "Defer no time, delays have dangerous ends," Shakespeare warned. Henry VI, Part 1 (1592), act III, sc. ii, 1.33.[2] In litigation, delays need not be intentional to be lethal. Even when they are merely the product of inattention, they can lead to undesired consequences. *See, e.g., Brosted v. Unum Life Insurance Co. of America*, 421 F.3d 459 (7th Cir.2005).[3]

---

[2] The Seventh Circuit is partial to Twelfth Night: *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir.1995)("In delays there lies no plenty."). No matter, the point is the same.

[3] In *Brosted*, the district court set a discovery deadline of March 31, 2004, which was extended to May 31, 2004, upon the plaintiff's motion. During late February and early March, the plaintiff sought the production of documents and noticed three depositions. On April 7, 2004, the defendants filed a motion for a protective order, which effectively put the discovery on hold. The district court denied defendants' motion on July 1, 2005. That same day, and apparently before the district court had ruled, the plaintiff filed a motion to enlarge the discovery deadline. The district court denied that motion as moot, discovery having closed May 31st. On appeal, the plaintiff claimed that the district court erred in denying his motion for an extension of time because he still needed to depose three witnesses. The Seventh Circuit held that even though discovery had effectively been stayed and plaintiff could not have taken the depositions, the plaintiff should have filed his motion before the discovery deadline.

3

We live in a world of deadlines, and, as the Seventh Circuit has reminded us, the practice of law is no exception. *Raymond v. Ameritech Corp.*, 442 F.3d 600 (7th Cir. 2006). "Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir.2002). *See also Finwall v. City of Chicago*, 2006 WL 1491316 at *1, * 8 (N.D.Ill. 2006), *aff'd*, 2006 WL 2355578 (N.D. Ill 2006). But "general propositions do not decide concrete cases," *Lochner v. New York*, 198 U.S. 45, 76 (1905) (Holmes, J.,dissenting); *see also Daubert v. Merrell Dow*, 509 U.S. 579, 598 (1993)(Rehnquist, C.J. concurring in part and dissenting in part), and the *Connor* decision did not involve a situation in which a defendant actually became aware of and took extensive discovery on a claim that was not in the complaint.[4]

Thus, the issue in this case is whether the plaintiff should be prohibited from presenting a claim of which the defendants had notice and about which they had, so far as the record shows, an opportunity to and did actually depose the plaintiff. Resolution of that question turns on the existence, *vel non*, of prejudice to the defendants. The defendants insist that they will be prejudiced if the amendment is allowed. The argument runs this way: the the amended complaint contains factual allegations that vary from the testimony given by the defendant at her deposition on the retaliation claim, thus revealing that the plaintiff plans to offer new testimony that the defendants did not have an opportunity to take discovery on.

The anticipated testimony involves allegations of back and head pain revealed for the first time in the amended complaint. These claims – that go to damages – were never made at the

---

[4] In *Connor*, the argument was not that the defendant actually knew about the claim, but that it "should have become aware" that it would be litigated. 413 F.3d at 679.

4

deposition, and they vary from and are inconsistent with plaintiff's medical records. There apparently will also be testimony that will seek to question a diagnosis of stress by a Dr. Williams. Finally there is the plaintiff's claim first revealed in the amended complaint that the plaintiff's check was withheld for an extended period.

As to these newly made contentions regarding retaliation the defendants have a valid claim of prejudice. My initial reaction was to require the plaintiff to sit for further deposition. But upon reflection, that course seems ill advised and imposes undue and unfair burdens on the defendants' counsel, who are actively preparing for the imminent trial in this case. It will be for Judge Coar to decide what should occur if the plaintiff attempts to testify at trial beyond what she said during discovery. The defendants will be free to raise with Judge Coar at the trial or in motions *in limine* any objections they have to admissibility of the plaintiff's new account of things. A selective assessment by Judge Coar of a small number of discrete items of testimony that may vary from the plaintiff's deposition testimony (and answers to other discovery) and thus may run afoul of Rule 37, Federal Rules of Civil Procedure, is preferable to a prohibition of a claim of retaliation in its entirety--especially where the claim is predominantly dependent on evidence that has already been the subject of discovery in one form or another.

All rules are designed to achieve some purpose. Where application of a particular rule will not serve that purpose – and indeed will disserve the rule that cases ought where possible to be decided on their merits, *Musser v. Gentiva Health Services*, 356 F.3d 751, 759-760 (7th Cir. 2004) [5] – it should not be mechanistically applied. *Compare Evansville & Bowling Green Packet Co. v.*

---

[5] *Cf. Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988); *Hormel v. Helvering*, 312 U.S. 552, 557-58 (1941); *United States v. Ready*, 82 F.3d 551 (2d Cir. 1996); *Fuhrer v. Fuhrer*, 292 F.2d 140 (7th Cir. 1961).

5

*Chero Cola Bottling*, 271 U.S. 19, 21-22 (1926); *Zurich American Ins. Co. v. Watts Industries, Inc.*, 417 F.3d 682, 689 (7th Cir. 2005). The rule against allowing untimely motions to amend a complaint seeks to prevent prejudice to a party and needless delays to the orderly administration of justice. The purposes subserved by that rule will not be compromised under the particular circumstances of this case by allowing the plaintiff to proceed on her claim of retaliation so long as she is not allowed to go beyond the version of events given before discovery closed.

The plaintiff shall not be allowed to file the amended complaint in its present form since it incorporates by reference counts that have been dismissed. The plaintiff shall file a corrected form of amended complaint not later than the close of business on October 4, 2006, with delivery by messenger or email to the defendants.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 10/4/06